UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIE LAWSON,<br><br>Defendant/Petitioner. | Criminal No. 03-282 (JDB)<br>(Civil Action No. 08-0655) |

## MEMORANDUM OPINION

Petitioner Willie Lawson has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that his conviction under 18 U.S.C. § 924(c) for brandishing a firearm during a crime of violence violates due process because that statute does not create a criminal offense. He further contends that this Court improperly allowed the prosecution to introduce Rule 404(b) evidence, that the government introduced perjured eyewitness testimony, that he received ineffective assistance of counsel, and that his sentence is based on an incorrect criminal history score. In response, the government has moved to dismiss his § 2255 motion as time-barred. Upon a careful review of the petitioner's motion and accompanying papers,[1] as well as the government's motion to dismiss and reply, the Court concludes that a hearing is unnecessary and that the petitioner's motion should be denied.

---

[1] Petitioner's allegations are set forth in a series of submissions, all of which the Court considers in resolving the pending motions. In addition to his § 2255 motion (ECF #143), he has submitted the following: an affidavit dated April 15, 2008 (ECF # 142), a letter dated May 1, 2008 (ECF #144), and a series of responses to the government's filings (ECF #146, ECF #149, ECF #152). For ease of reference, the Court will cite to petitioner's filings by their ECF document number, and will refer to the government's motion to dismiss as "Gov't Mot."

## BACKGROUND

Lawson was convicted of aggravated bank robbery and brandishing a firearm during a crime of violence on December 15, 2003. See generally United States v. Lawson, 410 F.3d 735, 738-39 (D.C. Cir. 2005). He was then sentenced to consecutive terms of imprisonment of 140 months for bank robbery and 84 months for brandishing a firearm, followed by a five-year term of supervised release and a special assessment of $200.00. See Judgment (filed May 12, 2004). Lawson appealed his conviction on May 21, 2004, alleging that two identifications were inadmissible, the search of his car violated his Fourth Amendment rights, and that the government should have been prohibited from introducing evidence of other bank robberies. Lawson, 410 F.3d at 739. The D.C. Circuit affirmed his conviction, holding that the identifications were properly admitted, the search of the car was lawful because the officers had probable cause, and this Court did not abuse its discretion in concluding that the probative value of the other bank robbery evidence was not substantially outweighed by the danger of unfair prejudice. Id. at 739-42. Lawson then sought review in the Supreme Court, which denied his petition for writ of certiorari on November 28, 2005. Lawson v. United States, 546 U.S. 1055 (2005).

Through filings dated April 15 and 17, 2008, over two years and four months after the Supreme Court denied the petition for writ of certiorari, Lawson sought relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. See ECF #142, #143. In his numerous court filings, he raises five issues. His primary argument is that 18 U.S.C. § 924 violates his due process rights because the statute, he claims, is a penal code but is being used to sentence him to a criminal offense. He also contends that his conviction and sentence are unlawful based on the following allegations: (1) the government introduced perjured testimony when a key identity

witness fabricated her testimony;[2] (2) a weapon was improperly admitted into evidence at trial in violation of Federal Rule of Evidence 404(b) and, furthermore, he never possessed or used it for a bank robbery; (3) he received ineffective assistance of counsel during the pretrial phase because his court-appointed attorneys refused to interview certain witnesses or file motions; (4) he received ineffective assistance of counsel during sentencing because his lawyer did not raise objections petitioner wished to pursue; and (5) his criminal history score was improperly increased by three points based on convictions in Virginia and Maryland that should have been treated instead as "relevant conduct." See ECF # 142, 143, 152.

## STANDARD OF REVIEW

A court may deny a § 2255 motion without holding an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The decision whether to hold a hearing is committed to the district court's discretion, particularly when, as here, the judge who is considering the § 2255 motion "also presided over the trial in which the petitioner claims to have been prejudiced." United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996). Only where the § 2255 motion raises "detailed and specific factual allegations whose resolution requires information outside of the record or the judge's personal knowledge or recollection must a hearing be held." United States v. Pollard, 959 F.2d 1011, 1030-31 (D.C. Cir. 1992) (internal citations omitted).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year limitation period applies to any motion for relief under § 2255, with certain limited exceptions.

---

[2] This Court dismissed that claim on May 13, 2008, because petitioner had "provide[d] no explanation or evidentiary support" in support of his conclusory allegation that the witness had lied. See Order at 1 (filed May 13, 2008).

28 U.S.C. § 2255(f). The government contends that petitioner's motion is time-barred under this provision because he filed his motion after the one-year limitation period expired. See Gov't's Mot. at 4-5. The Court has reviewed the record and agrees with the government that the one-year statute of limitations contained in § 2255 bars petitioner's motion.

The AEDPA provides that a motion for relief pursuant to § 2255 must be filed within one year from the later of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, § 2255(f)(1) provides the operative date for calculating the expiration of the filing period for petitioner because none of the other triggers are applicable -- that is, petitioner does not argue (nor does the record indicate) that the government created an impediment to his filing a § 2255 motion, that the Supreme Court has newly recognized a right asserted, or that relevant facts supporting his claim are only now discoverable. Under § 2255(f)(1), petitioner is required to file his motion within one year of the date the judgment of conviction becomes final. A judgment of conviction is final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filling a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). Hence, petitioner's judgment

of conviction became final when the Supreme Court denied his petition for writ of certiorari on November 28, 2005. See Lawson v. United States, 546 U.S. 1055 (2005). Petitioner filed his § 2255 motion on April 15, 2008 -- more than two years and four months after final judgment -- thereby exceeding the statute of limitations by more than sixteen months.

The D.C. Circuit has not decided whether equitable tolling of the AEDPA statute of limitations is possible, see, e.g., United States v. Pollard, 416 F.3d 48, 56 n.1 (D.C. Cir. 2005); United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000), but even assuming that is it permissible, it would be inappropriate under the circumstances of this case. Petitioner has not alleged, nor does the record indicate, that he made a good-faith effort to file his motion within the one-year statute of limitations, or that circumstances beyond his control prevented him from complying with the statutory deadline. See Pollard, 416 F.3d at 56. Petitioner makes passing references to his pro se status, but a failure to meet the statutory deadline due to pro se representation is not a circumstance in which it is appropriate to toll the statute of limitations. See Fears v. United States, Civil Action No. 06-0086, 2006 WL 763080, at *4 (D.D.C. Mar. 24, 2006). Furthermore, petitioner did not exceed the deadline by a brief period of time that could be attributed to the sluggishness of prison's mail service. See United States v. Carr, Civil Action No. 05-2055, 2006 WL 401818, at *1 n.2 (D.D.C. Feb. 21, 2006). Rather, he exceeded the statutory deadline by well over a year. Therefore, the motion is time-barred.

The vast majority of petitioner's claims are barred for a second independent reason as well -- the absence of any "cause" for failing to raise the alleged errors during the direct appeal from his conviction. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate

'cause' and actual 'prejudice' . . . ."[3] Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted). Cause for failure to bring a claim on direct appeal "must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the [] procedural rule" and bring the claims on direct appeal. Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner has not made such a showing.

## CONCLUSION

For the foregoing reasons, the Court will grant the government's motion to dismiss and deny petitioner's motion to vacate, set aside, or correct sentence under § 2255. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated:   April 6, 2009

Copies to:

Willie Lawson
Reg. No. 45609-083
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

T. Anthony Quinn
U.S. Attorney's Office
555 Fourth St., NW
Washington, DC 20001

---

[3] Although petitioner's ineffective assistance of counsel claims would not be barred under the cause and prejudice standard (see Massaro v. United States, 538 U.S. 500, 504 (2003) ("an ineffective-assistance-of-counsel claim may be brought . . . under § 2255, whether or not petitioner could have raised the claim on direct appeal")), it remains time-barred for the reasons discussed above.